In the United States District Court
for the Southern District of Ohio
Western Division at Cincinnati

| | |
|---|---|
| Shirley Spurlock, *On behalf of himself and those similarly situated*, Plaintiff, v. Total Homecare Solutions, LLC, THS Healthcare Services, Inc., THS Homechoice, LLC, Adam D. Shoemaker, and Nicholas D. Alexander, Defendants. | Case No. 1:17-cv-168 Judge |

Class and Collective Action Complaint

## **PRELIMINARY STATEMENT**

1. Plaintiff Shirley Spurlock, on behalf of herself and all similarly-situated individuals, brings this action against Defendants Total Homecare Solutions, LLC, THS Healthcare Services, Inc., THS Homechoice, LLC, Adam D. Shoemaker, and Nicholas D. Alexander (collectively, "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with overtime wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, O.R.C. § 4113.15.

2. Defendants have operated a home health care services company in Southwest Ohio for individuals with developmental disabilities since 2007.

3. Since 2007, Defendants have employed home health care workers in positions such as Direct Care Professional, Life Skills Coach, Rehabilitation Specialist, Caregiver, and other titles, who provide direct care to Defendants' clients.

4. Defendants have been required to pay their home health care worker employees overtime for hours worked in excess of 40 hours per workweek starting on January 1, 2015, but have refused to do so.

5. All of Defendants' home health care workers, including Plaintiff, are subject to the same employment policies and practices, including policies and practices with respect to overtime wages.

6. Plaintiff brings this action on behalf of herself and similarly situated current and former home health care workers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

7. Plaintiff also brings this action on behalf of herself and similarly situated current and former home health care workers in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the OMFWSA and O.R.C. § 4113.15.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, the OMFWSA, O.R.C. § 4111, *et seq.*, O.R.C. § 4113.15, and 28 U.S.C. §1331 and §1343(a)(4).

9. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

10. This Court's jurisdiction is also predicated upon 28 U.S.C. §1367 as this Class Action Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

11. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b).

## PARTIES

**Plaintiff**

**Shirley Spurlock**

12. Plaintiff Shirley Spurlock is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein Plaintiff worked within the boundaries of Southern District of Ohio for Defendants.

13. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA and the OMFWSA.

14. Plaintiff has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

**Defendants**

15. Together, Defendants have employed Plaintiff and similarly situated home health care workers at all times relevant as a single enterprise.

**Total Homecare Solutions, LLC**

16. Defendant Total Homecare Solutions, LLC is a domestic limited liability company, with its principal place of business in Ohio. Total Homecare Solutions, LLC does business as "Total Homecare Solutions" in the Southern District of Ohio.

17. Total Homecare Solutions, LLC was incorporated by Adam Shoemaker and Nick Alexander in 2007.

18. Total Homecare Solutions, LLC is headquartered at 2722 East Kemper Road, Cincinnati, Ohio 45241. Total Homecare Solutions, LLC also operates offices at 6730 Roosevelt Ave., Suite 200, Middletown, Ohio 45005 and 225 East Main Street, Troy, Ohio 45373. Additionally, at some point since January 1, 2015, Total Homecare Solutions, LLC operated an office at 3033 Kettering Blvd., Suite 301, Moraine, Ohio 45439.

19. Total Homecare Solutions, LLC is an "employer" of Plaintiff and similarly situated home health care workers as that term is defined by the FLSA and the OMFWSA.

20. "Total Homecare Solutions, LLC" was the corporate entity listed on Plaintiff's work schedules for work she completed for Defendants.

21. Total Homecare Solutions, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all home health care workers at all of its locations, including policies, practices, and procedures relating to payment of overtime wages.

22. At all relevant times, Total Homecare Solutions, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

23. At all relevant times, Total Homecare Solutions, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

24. Total Homecare Solutions, LLC's gross revenue exceeds $500,000 per year.

**THS Healthcare Services, Inc.**

25. Defendant THS Healthcare Services, Inc. is a domestic for-profit company, with its principal place of business in Ohio. THS Healthcare Services, Inc. does business as "Total Homecare Solutions" in the Southern District of Ohio.

26. THS Healthcare Services, Inc. was incorporated by Adam Shoemaker and Nick Alexander.

27. THS Healthcare Services, Inc. is headquartered at 2722 East Kemper Road, Cincinnati, Ohio 45241. THS Healthcare Services, Inc. also operates offices at 6730 Roosevelt Ave., Suite 200, Middletown, Ohio 45005 and 225 East Main Street, Troy, Ohio 45373. Additionally, at some point since January 1, 2015, THS Healthcare Services, Inc. operated an office at 3033 Kettering Blvd., Suite 301, Moraine, Ohio 45439.

28. THS Healthcare Services, Inc. is an "employer" of Plaintiff and similarly situated home health care workers as that term is defined by the FLSA and the OMFWSA.

29. THS Healthcare Services, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all home health care workers at all of its locations, including policies, practices, and procedures relating to payment of overtime wages.

30. At all relevant times, THS Healthcare Services, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

31. At all relevant times, THS Healthcare Services, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

32. THS Healthcare Services, Inc.'s gross revenue exceeds $500,000 per year.

**THS Homechoice, LLC**

33. Defendant THS Homechoice, LLC is a domestic limited liability company, with its principal place of business in Ohio. THS Homechoice, LLC does business as "Total Homecare Solutions" in the Southern District of Ohio.

34. THS Homechoice, LLC was incorporated by Adam Shoemaker and Nick Alexander.

35. THS Homechoice, LLC is headquartered at 2722 East Kemper Road, Cincinnati, Ohio 45241.

36. THS Homechoice, LLC is an "employer" of Plaintiff and similarly situated home health care workers as that term is defined by the FLSA and the OMFWSA.

37. THS Homechoice, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all home health care workers at all of its locations, including policies, practices, and procedures relating to payment of overtime wages.

38. At all relevant times, THS Homechoice, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

39. At all relevant times, THS Homechoice, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

40. THS Homechoice, LLC's gross revenue exceeds $500,000 per year.

**Adam D. Shoemaker**

41. Defendant Adam D. Shoemaker is the founder, owner, and operator of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

42. Upon information and belief, Mr. Shoemaker resides in Cincinnati, Ohio.

43. Mr. Shoemaker is an incorporator and authorized representative for Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

44. Mr. Shoemaker's LinkedIn profile identifies him as "Owner, Total Homecare Solutions."

45. At all relevant times, Mr. Shoemaker has been an "employer" of Plaintiff and similarly situated home health care workers as that term is defined by the FLSA and the OMFWSA.

46. At all relevant times, Mr. Shoemaker has been actively involved in managing the operations of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

47. At all relevant times, Mr. Shoemaker has had control over Defendants' pay policies.

48. At all relevant times, Mr. Shoemaker has had power over personnel and payroll decisions at Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

49. At all relevant times, Mr. Shoemaker has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

50. At all times relevant, Mr. Shoemaker has had the power to transfer the assets and liabilities of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

51. At all relevant times, Mr. Shoemaker has had the power to declare bankruptcy on behalf of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

52. At all relevant times, Mr. Shoemaker has had the power to enter into contracts on behalf of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

53. At all relevant times, Mr. Shoemaker has had the power to close, shut down, and/or sell Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

**Nicholas D. Alexander**

54. Defendant Nicholas D. Alexander is the founder, co-owner, and Vice President of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

55. Upon information and belief, Mr. Alexander resides in Cincinnati, Ohio.

56. Mr. Alexander is an incorporator and authorized representative for Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC. Mr. Alexander also serves as the statutory agent for each entity.

57. Mr. Alexander's LinkedIn profile identifies him as "Homecare Services Entrepreneur, Total Homecare Solutions."

58. At all relevant times, Mr. Alexander has been an "employer" of Plaintiff and similarly situated home health care workers as that term is defined by the FLSA and the OMFWSA.

59. At all relevant times, Mr. Alexander has been actively involved in managing the operations of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

60. At all relevant times, Mr. Alexander has had control over Defendants' pay policies.

61. At all relevant times, Mr. Alexander has had power over personnel and payroll decisions at Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

62. At all relevant times, Mr. Alexander has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

63. At all times relevant, Mr. Alexander has had the power to transfer the assets and liabilities of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

64. At all relevant times, Mr. Alexander has had the power to declare bankruptcy on behalf of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

65. At all relevant times, Mr. Alexander has had the power to enter into contracts on behalf of Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

66. At all relevant times, Mr. Alexander has had the power to close, shut down, and/or sell Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC.

## **FACTS**

67. Plaintiff Shirley worked for Defendants as a Life Skills Coach in the Dayton, Ohio area from February 2015 to October 2015.

68. Plaintiff's job duties included helping Defendants' clients go about their daily lives—she helped them get dressed, prepared meals, helped them eat, helped them bathe, took

them to doctor's appointments and other outings, administered some medications, and spent time with them.

69. Plaintiff's regular hourly rate was $9.50 per hour for the work she completed for Defendants. However, Plaintiff was paid either $8.25 or $8.50 per hour for four hours each night, which Defendants considered to be sleep hours.

70. Plaintiff worked over 40 hours per week for Defendants during at least one workweek.

71. Plaintiff regularly worked well over 40 hours per week. Her schedule often ranged from 3:00pm to 9:00am the following morning, six days per week.

72. Throughout her employment with Defendants, Plaintiff was paid her regular hourly rate for all hours worked, including hours over 40 in a given workweek.

73. Plaintiff is aware of other employees who also worked over 40 hours per workweek, and were also paid their regular hourly rate for all of those hours.

74. As of January 1, 2015, all home health care workers employed by third-party agencies or employers are entitled to overtime compensation at time and one half their regular hourly rate for hours worked in excess of 40 per workweek.

75. Defendants violated the FLSA by not paying Plaintiff and similarly situated home health care workers overtime as required by law after January 1, 2015. *See* 29 C.F.R. 552.109(a).

## COLLECTIVE ACTION ALLEGATIONS

76. Plaintiff brings the First Count on behalf of herself and all similarly situated current and former home health care workers or other domestic-service workers who (1) worked for Defendants from January 1, 2015 to the date of final judgment in this matter, and (2) worked more than 40 hours in one or more workweeks (the "FLSA Collective").

77. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective time-and-one-half overtime pay for hours worked in excess of 40 per workweek. Plaintiff's claims are essentially the same as those of the FLSA Collective.

78. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

79. Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

80. Defendants' unlawful conduct has been widespread, repeated, and consistent.

81. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

82. The FLSA Collective members are readily identifiable and ascertainable.

83. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and addresses are readily available from Defendants' records.

84. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**CLASS ACTION ALLEGATIONS**

85. Plaintiff brings the Second and Third Counts under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> All home health care workers or domestic-service workers who (1) worked for Defendants at any time from January 1, 2015 to present in Ohio, and (2) worked more than 40 hours in one or more workweeks.

86. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

87. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

88. The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

89. There are more than 50 Rule 23 Class members.

90. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

91. Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages for hours worked in excess of 40 per workweek.

92. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with OMFWSA, and O.R.C. § 4113.15.

93. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

94. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

95. By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise her right to engage in concerted activity for the mutual aid or benefit of herself and her co-workers.

96. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

97. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

98. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by

each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

99. Upon information and belief, Defendants and other employers throughout the state violate the OMFWSA and O.R.C. § 4113.15. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

100. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

101. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Defendants were required to pay overtime wages to Plaintiff and the Rule 23 class members;

   b. Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

   c. Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15;

   d. Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

   e. The nature and extent of class-wide injury and the measure of damages for those injuries.

## CAUSES OF ACTION

### COUNT I
**Failure to Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

102. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

103. Plaintiff and the FLSA Collective worked more than 40 hours in one or more workweeks.

104. Starting January 1, 2015, Defendants did not pay Plaintiff and the FLSA Collective at least one and a half times their normal hourly rate for time worked in excess of 40 hours per workweek.

105. By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

106. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT II
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act
### (On Behalf of Plaintiff and the Rule 23 Class)

107. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

108. Plaintiff and the Rule 23 Class worked more than 40 hours in one or more workweeks.

109. Starting January 1, 2015, Defendants did not pay Plaintiff and the Rule 23 Class at least one and a half times their normal hourly rate for time worked in excess of 40 hours per workweek.

110. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

111. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorneys' fees.

## COUNT III
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class against Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC)

112. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

113. During all relevant times, Defendants Total Homecare Solutions, LLC, THS Healthcare Services, Inc., and THS Homechoice, LLC were entities covered by the Prompt Pay

Act, O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

114. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

115. Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

116. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

117. As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff Shirley Spurlock prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and her counsel to represent the collective action members.

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and O.R.C. § 4113.15.

F. An award of unpaid overtime wages due under the OMFWSA.

G. Liquidated damages under O.R.C. § 4113.15.

H. An award of prejudgment and post-judgment interest.

I. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

J. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Andrew Kimble
Andrew Biller (0081452)
Andrew Kimble (0093172)
Eric Kmetz (0092369)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Phone (513) 651-3700
Fax (513) 665-0219
(*abiller@msdlegal.com*)
(*akimble@msdlegal.com*)
(*ekmetz@msdlegal.com*)
www.msdlegal.com

*Counsel for Plaintiff and the putative class*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Kimble
Andrew Kimble