## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Total Homecare Solutions, LLC (referred to throughout this Agreement as "THS"), Paige Peters, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Peters"), Annette Seyler, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Seyler"), and Shirley Spurlock, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Spurlock") (Peters, Seyler, and Spurlock are collectively referred to throughout this Agreement as "Plaintiffs"). Plaintiffs and THS agree as follows:

1. **Non-Admission of Liability/Wrongdoing.** Plaintiffs acknowledge and represent that the payments Plaintiffs are receiving from THS pursuant to this Agreement are being provided solely in exchange for the compromise and settlement of the disputed claims, and the other promises and covenants set forth in this Agreement. Plaintiffs further acknowledge and agree that the payments described in Paragraph 2 shall not under any circumstances be deemed or construed as an admission by the Released Parties, as defined below, of the validity of Plaintiffs' claims, or as an admission of wrongdoing or evidence of any unlawful conduct of any kind by THS. Plaintiffs further acknowledge that THS has denied and continues to deny any and all wrongful or unlawful conduct and/or liability with respect to Plaintiffs and that the sole purpose of this Agreement is to avoid the expense, burden and uncertainty of litigation.

2. **Consideration.** In consideration for Plaintiffs signing this Agreement and complying with the promises made herein, including the dismissal with prejudice of the lawsuit Plaintiffs filed or joined against THS and the other Released Parties, in the United States District Court for the Southern District of Ohio, Case No. 1:17-cv-00168 (the "Lawsuit"), THS agrees to pay the total sum of $15,000.00 which will be divided and paid as follows:

   a) $2,532.78, less lawful deductions and withholdings, in the form of a check made payable to Paige Peters. This amount will be reported on an IRS form W-2.

   b) $2,532.77, less lawful deductions and withholdings, in the form of a check made payable to Annette Seyler. This amount will be reported on an IRS form W-2.

   c) $4,220.64, less lawful deductions and withholdings, in the form of a check made payable to Shirley Spurlock. This amount will be reported on an IRS form W-2.

   d) $5,713.81 in the form of a check made payable to Plaintiffs' counsel, Markovits, Stock & DeMarco. This amount will be reported on an IRS form 1099.

The payments set forth in this Paragraph 2 shall be made within fifteen (15) business days of the latter of: (a) complete execution of this Agreement; (b) dismissal of the Lawsuit with prejudice; and (c) receipt by THS of a W-9 form for Markovits, Stock & DeMarco.

3. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in Paragraph 2 above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

4. **Taxation/Indemnity.** Each Party is solely responsible for its own tax treatment of the above payments. No Party has made any representations or warranties whatsoever concerning the tax obligations, liabilities, and/or consequences of the above payments to any other party. Moreover, Plaintiffs agree to indemnify THS and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as a result of any failure to pay taxes owed by Plaintiffs or any interest, taxes or penalties assessed against it by any government agency in connection with a determination by a governmental authority that THS failed to properly withhold applicable income taxes and/or withhold the employee portion of FICA or other employment taxes with respect to the payment identified in paragraph 2(d).

5. **Dismissal of Lawsuit.** In exchange for the consideration provided for herein, Plaintiffs agree to take all steps necessary to dismiss and effectuate the dismissal of the Lawsuit *with prejudice* including filing the attached Joint Motion for Dismissal. Plaintiffs further understand that Plaintiffs are not entitled to the consideration provided for in paragraph 2 herein until the Lawsuit has been dismissed with prejudice.

6. **General Release of All Claims.** In exchange for the consideration provided for herein, Plaintiffs knowingly and voluntarily release and forever discharge THS, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and each of its or their current and former employees, managers, members, attorneys, insurers, officers, directors, trustees, owners, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (including but not limited to THS Healthcare Services, Inc., THS Homechoice, LLC, Adam D. Shoemaker, and Nicholas D. Alexander) (collectively referred to throughout this Agreement as "Released Parties" or, when applicable, "Releasee"), of and from any and all claims and liabilities, known and unknown, asserted or unasserted, which Plaintiffs, collectively or individually, have or may have against any of the Released Parties as of the date of execution of this Agreement to the extent permitted by law, including but not limited to any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Americans with Disabilities Act Amendments Act of 2008;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;

- Ohio Civil Rights Act, Ohio Rev. Code § 4112.01 et seq.;
- Ohio Age Discrimination in Employment Act, Ohio Rev. Code § 4112.14;
- Ohio Pregnancy Discrimination Act, Ohio Admin. Code § 4112-5-05(G);
- Ohio Whistleblower Protection Act, Ohio Rev. Code § 4113.51 et seq.;
- Ohio Statutory Provisions Regarding Retaliation/Discrimination for Pursuing a Workers Compensation Claim, Ohio Rev. Code § 4123.90;
- Ohio Minimum Fair Wages Act, Ohio Rev. Code § 4111.01 et seq.;
- Ohio Wage Payment Act, Ohio Rev. Code § 4113.15;
- Ohio Uniformed Services Employment and Reemployment Act, Ohio Rev. Code §§ 5903.01, 5903.02;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; and
- any other basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters or any other matter.

The Parties agree that the releases contained herein are to be read and applied as broadly as the law will allow. The Parties further understand that this Agreement does not apply to claims that may arise after the date this Agreement is executed.

7. **Governmental Agencies.** Nothing in this Agreement shall limit Plaintiffs' right, where applicable, to file or participate in an administrative or investigative proceeding of any federal, state, or local governmental agency (e.g. EEOC, NLRB, SEC, etc.). However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

8. **Claims Not Released/ Collective/Class Action Waiver.** If any employment claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding based on such a claim in which THS or any other Released Party identified in this Agreement is a party.

9. **Acknowledgments and Affirmations.** Plaintiffs affirm that Plaintiffs have not filed, have not caused to be filed, and are not presently a party to any claim against THS, other than the Lawsuit. Plaintiffs further affirm that Plaintiffs brought claims for unpaid overtime in the Lawsuit under the Fair Labor Standards Act and Ohio state law, that THS denied that it was liable to Plaintiffs for any of the overtime pay sought by Plaintiffs, and that the parties' disagreement regarding Plaintiffs' claims is a bona fide dispute about whether overtime is owed. Plaintiffs further affirm that the consideration payments described in Section 2 of this Agreement represent a good faith, full, and complete settlement of Plaintiffs' disputed overtime claims, such that upon receipt of the consideration payments described in Section 2 of this Agreement Plaintiffs will have been paid and/or received all compensation, wages, bonuses, commissions, benefits, liquidated damages, and/or fees to which Plaintiffs may be entitled from THS and the other Released Parties. Plaintiffs agree that Plaintiffs are not entitled to any additional payment or damages under the FLSA or any other federal, state or local statute or ordinance relating to the payment of wages and/or overtime.

Plaintiffs affirm that this Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks, and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding matter. Plaintiffs affirm that Plaintiffs have

entered into this Agreement of Plaintiffs' own free will and accord, and in accordance with Plaintiffs' own judgment, and after consultation with Plaintiffs' attorneys. Plaintiffs affirm that Plaintiffs are executing this Agreement knowingly and voluntarily.

Plaintiffs affirm that Plaintiffs have no known workplace injuries or occupational diseases arising out of Plaintiffs' employment with THS.

Plaintiffs affirm that Plaintiffs have not divulged any proprietary or confidential information of THS or any of the Released Parties and will continue to maintain the confidentiality of such information consistent with THS's policies and/or common law.

10. **Return of Property.** Plaintiffs affirm that Plaintiffs have returned all of THS's property, documents, and/or any confidential information in Plaintiffs' possession or control. Plaintiffs also affirm that Plaintiffs are in possession of all of Plaintiffs' property that Plaintiffs had at THS's premises and that Released Parties are not in possession of any of Plaintiffs' property.

11. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Ohio without regard to its conflict of laws provisions. In the event of a breach of any provision of this Agreement, any Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, excluding the general release, confidentiality, and no reemployment language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. **No Liens.** Plaintiffs warrant and represent that Plaintiffs have not assigned or transferred or purported to assign or transfer to any person or entity all or any part of any interest in any claim released under this Agreement. Plaintiffs agree that Plaintiffs are solely responsible for the satisfaction of any assignment or lien to any lien holder and will indemnify and hold the Released Parties harmless against any liens, damages, penalties, fines, fees, assessments, taxes, claims and rights to payment, including any attorney fees that may be imposed against or incurred by any of the Released Parties as a result of the actions of any lien holder or any lien claimant or any taxing authority or any court in relation to any interest which any third party may have in any claim which Plaintiffs are releasing under this Agreement or any interest in any of the proceeds paid to Plaintiffs under this Agreement.

13. **Medicare Disclosure.** This settlement is based upon a good faith determination of the parties to resolve disputed claims. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. In so doing, Plaintiffs have declared that as of the date Plaintiffs sign this Agreement, (i) Plaintiffs are not Medicare beneficiaries and are not Medicare eligible; and (ii) no conditional payments have been made by Medicare. This affirmation is a material term of this Agreement and without which THS would not have agreed to enter into this Agreement. Based on these representations made by Plaintiffs, the Parties have determined that Medicare has no interest in any payments made under this Agreement and no reporting is required to Medicare. However, if the Centers for Medicare & Medicaid Services (CMS) (including any related agency representing Medicare's interests) later determines that it does

have an interest in the payment to Plaintiffs under this Agreement, Plaintiffs agree to indemnify, defend, and hold the Released Parties harmless from any action by CMS. Plaintiffs agree to reasonably cooperate with Released Parties upon request with respect to any claim that CMS may make and for which Plaintiffs are required to indemnify Released Parties under this paragraph. Further, Plaintiffs agree to waive any and all future actions against Released Parties for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

14. **Miscellaneous.** (a) This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

(a) The section headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

(b) In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if all Parties prepared it jointly.

(c) If any Party fails to enforce this Agreement or to insist on performance of any term, that failure does not mean a waiver of that term or of the Agreement. The Agreement remains in full force and effect anyway.

15. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

16. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except that this Agreement does not supersede any prior agreement between THS and any of the Plaintiffs to arbitrate claims. Any such agreement to arbitrate between the parties remains in effect to the same extent as it did prior to the parties signing this Agreement. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**PLAINTIFFS AGREE THAT PLAINTIFFS HAVE HAD A REASONABLE AMOUNT OF TIME TO REVIEW THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO SIGNING, AND PLAINTIFFS AFFIRM THAT PLAINTIFFS HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTATION OF THIS AGREEMENT.**

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.**

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

PAIGE PETERS                                TOTAL HOMECARE SOLUTIONS, LLC

_____              _____
Paige Peters                                Signature

_____              _____
Date                                        Printed Name

ANNETTE SEYLER                              _____
                                            Title

_____              _____
Annette Seyler                              Date

_____
Date

SHIRLEY SPURLOCK

_____
Shirley Spurlock

_____
Date

4848-6277-1272, v. 4